IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CR-11-D
No. 7:15-CV-33-D

| | |
|---|---|
| MELVIN FAULKNER,<br><br>              Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>              Respondent. | **ORDER** |

On February 13, 2015, Melvin Faulkner ("Faulkner") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 384-month sentence [D.E. 42]. On June 5, 2015, the government moved to dismiss Faulkner's section 2255 motion [D.E. 47] and filed a memorandum in support [D.E. 48]. On July 20, 2015, Faulkner responded [D.E. 55]. As explained below, the court grants the government's motion to dismiss and dismisses Faulkner's section 2255 motion.

I.

On July 5, 2011, pursuant to a written plea agreement [D.E. 28], Faulkner pleaded guilty to two counts of using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). See Rule 11 Tr. [D.E. 57] 26–31; cf. [D.E. 1] (seven-count indictment). On October 6, 2011, the court sentenced Faulkner to 84 months' imprisonment on count two and 300 months' imprisonment on count four to run consecutively, yielding a 384-month sentence. See [D.E. 33]. On October 14, 2011, the court entered judgment. Id.

Faulkner did not appeal, and his conviction became final in October 2011. See United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001) (holding that criminal judgment became final when

entered on docket if defendant did not appeal); cf. Clay v. United States, 537 U.S. 522, 532 (2003) ("[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); United States v. Diallo, 581 F. App'x 226, 227 (4th Cir. 2014) (per curiam) (unpublished) (seeming to recognize that Clay implicitly overruled Sanders).

On February 13, 2015, Faulkner filed his section 2255 motion. See [D.E. 42]. Faulkner alleges: (1) his mandatory minimum sentence and the court's use of the preponderance-of-the-evidence standard at sentencing violated the Fifth and Sixth Amendments; (2) he is not a recidivist federal offender and should not have received consecutive sentences; (3) his counsel was ineffective for not informing Faulkner of "the mitigating sentence that have [sic] been imposed upon [him]"; and, (4) his sentence violates Alleyne v. United States, 133 S. Ct. 2151 (2013). See [D.E. 42] 1–12.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180

2

(4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

First, the government argues that Faulkner's section 2255 motion is untimely. Section 2255(f) contains a one-year statute of limitations for petitions for collateral review. Section 2255(f) provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4); Johnson v. United States, 544 U.S. 295, 299–300 (2005); Whiteside v. United States, 775 F.3d 180, 182–83 (4th Cir. 2014) (en banc).

As for section 2255(f)(1), Faulkner filed his section 2255 motion on February 13, 2015, over three years after his judgment of conviction became final. Thus, Faulkner's section 2255 motion is untimely under 28 U.S.C. § 2255(f)(1). See, e.g., United States v. Mathur, 685 F.3d 396, 397–98 (4th Cir. 2012).

As for section 2255(f)(3), to the extent that Faulkner argues that his section 2255 motion is timely under section 2255(f)(3) due to the Supreme Court's decision in Alleyne, Alleyne announced a purely procedural rule that does not apply retroactively on collateral review. See, e.g., Whorton v. Bockting, 549 U.S. 406, 416–18 (2007) (describing the framework used to analyze retroactivity

3

on collateral review); Butterworth v. United States, 775 F.3d 459, 465 & n.4 (1st Cir. 2015); Hughes v. United States, 770 F.3d 814, 818–19 (9th Cir. 2014); In re Mazzio, 756 F.3d 487, 488 (6th Cir. 2014); United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014); United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014); United States v. Redd, 735 F.3d 88, 91–92 (2d Cir. 2013); United States v. Stewart, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (per curiam) (unpublished); In re Payne, 733 F.3d 1027, 1029–30 (10th Cir. 2013) (per curiam); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013). Accordingly, Alleyne does not help Faulkner, and Faulkner's section 2255 motion is untimely under 28 U.S.C. § 2255(f)(3).

As for section 2255(f)(4), to the extent that Faulkner argues that he filed his section 2255 motion within one year of the "date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence," see 28 U.S.C. § 2255(f)(4), Alleyne is not a "fact" within the meaning of section 2255(f)(4). See, e.g., Whiteside, 775 F.3d at 183–84. Thus, section 2255(f)(4) does not help Faulkner.

As for equitable tolling, section 2255(f) is subject to equitable tolling, but nothing in the record suggests that equitable tolling applies. See Holland v. Florida, 560 U.S. 631, 649–54 (2010); Whiteside, 775 F.3d at 184–86; Rouse v. Lee, 339 F.3d 238, 246–47 (4th Cir. 2003) (en banc). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quotation omitted); see Holland, 560 U.S. at 649–54. Faulkner has not plausibly alleged such extraordinary circumstances. See, e.g., Holland, 560 U.S. at 649–54; Whiteside, 775 F.3d at 184–86; United States v. Sawyer, 552 F. App'x 230, 232 (4th Cir. 2014) (per curiam) (unpublished).

4

Accordingly, the court grants the government's motion to dismiss Faulkner's section 2255 motion as untimely.

Alternatively, the appellate waiver in Faulkner's plea agreement bars Faulkner's claims that are unrelated to a claim of ineffective assistance of counsel not known to him at the time of his guilty plea. In his plea agreement, Faulkner agreed "to waive all rights to contest [his] conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting [a] . . . motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Faulkner] at the time of [his] guilty plea." Plea Agreement [D.E. 28] ¶ 2.c. An appellate waiver is enforceable "to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

To be valid, the appellate waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); Blick, 408 F.3d at 169. "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013).

At his Rule 11 hearing, Faulkner stated under oath that he had consulted with his counsel about the charges to which he was pleading guilty, that he was fully satisfied with his counsel's performance, and that no one had threatened him or anyone else or made any promises to him or anyone else. See Rule 11 Tr. 1–15, 20–22. Faulkner also swore that he understood the charges to which he was pleading guilty and understood the minimum and maximum penalties provided for

5

each charge, including a minimum consecutive sentence on counts two and four of 84 months and 300 months' imprisonment, respectively. See id. 15–20. Faulkner also swore that he understood all the trial rights that he had and that he would be waiving if he pleaded guilty and the direct and collateral consequences of pleading guilty. See id. 20–25. Faulkner also swore that he had read and discussed his plea agreement with his lawyer, that he understood each term in his plea agreement, and that the plea agreement constituted the entire agreement between Faulkner and the government. See id. 22–24. The court then read Faulkner's appellate waiver aloud to him, and Faulkner swore that he understood the rights he was giving up in the waiver. See id. 23–24. Faulkner also swore that he understood the sentencing process, that any estimate of his sentence from any source was not binding on the court, that any erroneous prediction of his advisory guideline range or sentence would not allow him to withdraw his guilty plea, and that the court could sentence him up to the statutory maximum of life imprisonment. See id. 20–26.

At the end of his Rule 11 hearing, Faulkner pleaded guilty to counts two and four, and the government provided a factual basis for the guilty plea. See id. 26–29. The court then accepted Faulkner's guilty plea. See id. 29–31.

In light of the Rule 11 colloquy, Faulkner's appellate waiver is valid. See, e.g., Copeland, 707 F.3d at 528; Thornsbury, 670 F.3d at 537; Blick, 408 F.3d at 169. In his waiver, Faulkner agreed "to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting [a] . . . motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Faulkner] at the time of [his] guilty plea." Plea Agreement ¶ 2.c. Faulkner's claims concerning his mandatory minimum sentence, his consecutive sentence, and Alleyne fall within the scope of his appellate waiver. See, e.g., United States v. McLaughlin, No. 14-4920, 2016 WL 611487, at *2–3 (4th Cir. Feb. 16, 2016);

6

Copeland, 707 F.3d at 528–30. Accordingly, the court enforces Faulkner's waiver and dismisses these claims.

After reviewing Faulkner's motion, the court determines that reasonable jurists would not find the court's treatment of Faulkner's motion debatable or wrong, and that it does not deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 47], DISMISSES Faulkner's section 2255 motion [D.E. 42], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 29 day of February 2016.

JAMES C. DEVER III
Chief United States District Judge