IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CR-11-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MELVIN FAULKNER, | ) | |
| | ) | |
| Defendant. | ) | |

On January 11, 2024, Melvin Faulkner ("Faulkner" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 101]. On April 21, 2025, Faulkner filed another pro se motion for compassionate release [D.E. 108]. On June 12, 2026, the government responded in opposition [D.E. 113]. As explained below, the court denies Faulkner's motions for compassionate release.

I.

On July 5, 2011, with a written plea agreement, Faulkner pleaded guilty to two counts of using and carrying a firearm during and in relation to a crime of violence (counts two and four). See [D.E. 27, 28]. On October 6, 2011, the court held Faulkner's sentencing hearing and adopted the facts in the Presentence Investigation Report ("PSR"). See [D.E. 29, 32, 76]. The court determined Faulkner's guideline range (and mandatory minimum sentence) to be 84 months' imprisonment on count two and 300 months' consecutive imprisonment on count four. See PSR [D.E. 29] ¶¶ 57–60; [D.E. 76] 1. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Faulkner to 84 months' imprisonment on count two and 300 months' consecutive imprisonment on count four for a total sentence of 384 months' imprisonment. See [D.E. 33]. Faulkner did not appeal.

On February 13, 2015, Faulkner moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See [D.E. 42]. On June 5, 2015, the government moved to dismiss Faulkner's section 2255 motion. See [D.E. 47]. On July 20, 2015, Faulkner responded in opposition to the government's motion. See [D.E. 55]. On February 29, 2016, the court granted the government's motion to dismiss, dismissed Faulkner's section 2255 motion, and denied a certificate of appealability. See [D.E. 58]. Faulkner did not appeal.

On June 25, 2016, after receiving authorization from the United States Court of Appeals for the Fourth Circuit [D.E. 62], Faulkner filed a second motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See [D.E. 65]. On November 4, 2016, the court stayed Faulkner's section 2255 motion pending the Fourth Circuit's decisions in United States v. Walker and United States v. Simms. See [D.E. 70]. On August 13, 2019, the court ordered parties to file supplemental briefing regarding Faulkner's section 2255 motion. See [D.E. 73]. On August 26, 2019, the government responded in opposition. See [D.E. 75]. On September 6, 2019, the court dismissed Faulkner's section 2255 motion as successive and denied a certificate of appealability. See [D.E. 79]. Faulkner appealed. See [D.E. 81]. On January 24, 2020, the Fourth Circuit dismissed Faulkner's appeal and declined to issue a certificate of appealability. See United States v. Faulkner, 791 F. App'x 401, 402 (4th Cir. 2020) (per curiam) (unpublished).

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Faulkner sought compassionate release under section 3582(c)(1)(A). In support, Faulkner cited the COVID-19 pandemic, his age, his race, his hypertension, and his history of hepatitis C. See [D.E. 87] 1; [D.E. 90] 1–2, 12–13; [D.E. 90-1]; [D.E. 92]. Faulkner also cited the conditions at FCI Bennettsville, his rehabilitation efforts, that he has served more than ten years of his sentence, and his release plan. See [D.E. 87] 1; [D.E. 90] 1–3, 12–15; [D.E. 90-3, 90-4].

On May 20, 2021, the court denied Faulkner's motion. See [D.E. 97]. In doing so, the court examined the record and the section 3553(a) factors. The court noted that Faulkner engaged in extremely serious, violent criminal conduct between April and June 2009. See PSR ¶¶ 5–10. On April 21, 2009, Faulkner robbed Your Convenience Store in Sampson County, North Carolina by pointing a gun at the store clerk, demanding money, and taking $1,030.91. See id. On May 9, 2020, Faulkner robbed Sanderson's Kwik Stop by approaching the store's cashier, producing a handgun, demanding money, and taking $354.57. See id. On June 14, 2009, Faulkner again robbed Sanderson's Kwik Stop. Faulkner grabbed the store clerk by the collar, pointed a handgun at him, demanded money, and took $6,600.00. See id. A source identified Faulkner to law enforcement officers as the robber. Officers then arrested Faulkner and executed a search of Faulkner's residence. See id. During the search, officers recovered an unloaded .38 caliber handgun. See id.

In denying Faulkner's first motion for compassionate release, the court noted that Faulkner is an extremely violent recidivist with convictions for robbery with a dangerous weapon, assault, robbery with a deadly weapon, battery, malicious destruction of property value less than $300, handgun on person, attempt by drive to elude police in official police vehicle by failing to stop, attempt to elude police by fleeing on foot, possession of drug paraphernalia, possession with intent to manufacture/distribute/dispense dangerous controlled substances (three counts), assault on a female,

and resisting a public officer. See id. ¶¶ 15–28. Faulkner has performed poorly on supervision. See id. ¶¶ 15, 24. Before denying Faulkner's motion, the court also considered Faulkner's exposure to COVID-19, his medical conditions, his rehabilitation efforts, that he has served over ten years of his sentence, and his release plan. See [D.E. 97] 7–9; cf. Pepper v. United States, 562 U.S. 476, 481 (2011); United States v. McDonald, 986 F.3d 402,412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019).

## II.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020), abrogated on other grounds by Rutherford, 146 S. Ct. 1320. A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based

4

on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See United States v. Washington, 161 F.4th 816, 818 (4th Cir. 2025); Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. A circumstance is extraordinary when it is "most unusual, far from common, or having little or no precedent." Rutherford, 146 S. Ct. at 1330 (citation and quotations omitted). "Compelling . . . means tending to convince or convert by or as if by forcefulness of evidence." Id. (citation and quotations omitted). Thus, "extraordinary and compelling reasons for compassionate release are those that are especially unusual and convincing." Id. (quotations omitted); see also Fernandez, 146 S. Ct. at 1307. "That is a demanding standard." Fernandez, 146 S. Ct. at 1302.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) became effective on November 1, 2023, and lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually

long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See U.S.S.G. § 1B1.13(b), invalidated in part by Rutherford, 146 S. Ct. at 1334–35. A defendant's rehabilitation alone is not an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction . . . is warranted." U.S.S.G. § 1B1.13(d); see 28 U.S.C. § 994(t); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024), abrogated on other grounds by Rutherford, 146 S. Ct. 1320; McCoy, 981 F.3d at 286 n.9. "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. U.S.S.G. § 1B1.13(e).

### III.

Faulkner argues that he is serving an unusually long sentence and has served over ten years. See [D.E. 101] 1. And Faulkner argues that if sentenced today, he would not face stacked sentences under 18 U.S.C. 924(c). See [D.E. 108] 3–6. Faulkner also cites his rehabilitation efforts. See id. at 6–7.

The First Step Act included numerous nonretroactive changes. See First Step Act, Pub. L. No. 115-391, § 401(c), 132 Stat. at 5221 ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."). One of those nonretroactive changes concerned stacked sentences under 18 U.S.C. § 924(c). See id.

Before the Supreme Court's decision in Rutherford v. United States, 146 S. Ct. 1320 (2026), the Fourth Circuit recognized that under U.S.S.G. § 1B1.13(b)(6), the fact that a defendant would no longer receive stacked sentences under 18 U.S.C. § 924(c) may be considered an extraordinary and compelling reason for a sentence reduction. See McCoy, 981 F.3d at 275–77;

6

cf. Concepcion v. United States, 597 U.S. 481, 495–502 (2022) (holding that district courts in First Step Act sentence modification proceedings involving retroactive crack-cocaine sentencing ranges under the First Step Act also may consider unrelated legal changes that have occurred since the original sentencing, including the non-retroactive 2016 Sentencing Guidelines amendments that substantially altered the career offender guidelines). Moreover, in Davis, the Fourth Circuit reasoned that "Concepcion's broad reasoning permits federal judges to think expansively about what constitute[s] 'extraordinary and compelling reasons' for release, absent specific congressional limitations." Davis, 99 F.4th at 657–58. In Rutherford, the Supreme Court rejected the reasoning in McCoy and Davis. The Supreme Court explained that, in 18 U.S.C. § 3582(c)(1)(A)(i), "Congress has expressly cabined district courts' discretion by prohibiting a reduction in sentence unless a court finds that 'extraordinary and compelling' reasons warrant it." Rutherford, 146 S. Ct. at 1333 (cleaned up). And the Supreme Court held that nonretroactive changes to the penalties for violating 18 U.S.C. § 924(c) are not extraordinary and compelling reasons and invalidated section 1B1.13(b)(6) "to the extent that it counsels otherwise." Id. at 1335.

The alleged disparity between the sentence Faulkner received in 2011 and the sentence Faulkner believes he would receive if he were sentenced today is not an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A)(i). See id. at 1330 (characterizing such disparities as "unexceptional feature[s] of a system in which nonretroactivity is the default"); cf. United States v. Johnson, __ S. Ct. __, 2026 WL 1640930, at *1 (2026) (vacating and remanding, in light of Rutherford and Fernandez, United States v. Johnson, 143 F.4th 212 (4th Cir. 2025), which held that a district court could consider the disparity between a defendant's sentence and the sentences of his codefendants who pleaded guilty and cooperated under the "other reasons" policy statement in U.S.S.G. § 1B1.13(b)(5)). In Rutherford, the Supreme Court held that before

examining the section 3553(a) factors in connection with a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), "a court must first ensure that a movant is part of the limited class of prisoners who are eligible for such a reduction." 146 S. Ct. at 1333 (cleaned up). "And whether a prisoner is eligible depends on whether he can offer extraordinary and compelling reasons that 'warrant' compassionate release, not on the [section] 3553(a) factors." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "This gatekeeping requirement is not . . . a free-for-all." Id. "It is a distinct analytical step that imposes independent and ascertainable limits on access to compassionate release." Id.

Faulkner fails to demonstrate that extraordinary and compelling reasons support reducing his sentence. As for nonretroactive changes in the law under the First Step Act, those changes are not extraordinary and compelling reasons. See id. at 1330; Fernandez, 146 S. Ct. at 1302–07.

As for the "other reasons" policy statement in U.S.S.G. § 1B1.13(b)(5), Faulkner did not make an argument under U.S.S.G. § 1B1.13(b)(5) and thereby forfeited any such argument. See, e.g., Hamer v. Neighborhood Hous. Servs. of Chi., 583 U.S. 17, 20 n.1 (2017). Even if Faulkner did not forfeit any argument under section 1B1.13(b)(5), "other reasons" do not support reducing Faulkner's sentence. An other reason under section 1B1.13(b)(5) must be "similar in gravity" to the enumerated reasons in section 1B1.13(b)(1)–(4). U.S.S.G. § 1B1.13(b)(5). But, as explained in Rutherford and Fernandez, Faulkner's cited reason (i.e., a change in sentencing laws that would reduce the mandatory penalties Faulkner would face if sentenced today) are not extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i). Section 1B1.13(b)(5) cannot make extraordinary and compelling what the Supreme Court has held is "an unexceptional feature of a system in which nonretroactivity is the default." Rutherford, 146 S. Ct. at 1330. Stated differently,

a prisoner cannot use the portion of U.S.S.G. § 1B1.13(b)(6) that the Supreme Court invalidated in Rutherford to obtain relief under U.S.S.G. § 1B1.13(b)(5). See id.

In reaching these conclusions, the court notes that the Sentencing Commission updated section 1B1.13 after the First Step Act, and the amendments became effective on November 1, 2023. See U.S. Sent'g Comm'n, Submission of 2023 Amendments to Congress (May 2023), [https://perma.cc/T9TE-QLR6]; U.S.S.G § 1B1.13(b). Moreover, to the extent that Faulkner thinks Concepcion grants a judicial license to use changes in sentencing laws that occurred after his sentencing as a rationale for compassionate release, Rutherford rejected the argument. As the Supreme Court explained in Rutherford, "Concepcion involved sentence-modification proceedings under a different provision of the [First Step] Act." Rutherford, 146 S. Ct. at 1333. Faulkner's case "differ[s] from Concepcion because [it] concern[s] whether a prisoner is eligible for compassionate release in the first place." Id. "And on that score, Congress has expressly cabined district courts' discretion by prohibiting a reduction in sentence unless a court finds that 'extraordinary and compelling' reasons warrant it." Id. (cleaned up).

To the extent Faulkner relies on rehabilitation, Faulkner's rehabilitation alone is not an extraordinary and compelling reason. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); Davis, 99 F.4th at 659; McCoy, 981 F.3d at 286 n.9.

On this record, Faulkner has failed to demonstrate "that extraordinary and compelling reasons warrant" compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i); Rutherford, 146 S. Ct. at 1330–35; Fernandez, 146 S. Ct. at 1300–05. Thus, the court denies Faulkner's motion for compassionate release.

Alternatively, even if Faulkner demonstrated extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13(b)(5), the section 3553(a) factors counsel

against granting Faulkner's motion. See Concepcion, 597 U.S. at 499–502; Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32. Faulkner is 65 years old and engaged in extremely serious and violent criminal conduct. See PSR ¶¶ 5–13. Moreover, Faulkner's appalling criminal behavior was nothing new. See id. ¶¶ 15–28. He is a recidivist's recidivist. See id.

The court has considered the entire record, the section 3553(a) factors, Faulkner's arguments, and the government's persuasive response. The court also has considered the need to punish Faulkner for his violent criminal behavior, to incapacitate Faulkner, to promote respect for the law, to deter others, and to protect society from Faulkner. Given the entire record, the court denies Faulkner's motion for compassionate release. See, e.g., Rutherford, 146 S. Ct. at 1330–35; Fernandez, 146 S. Ct. at 1302–07; Concepcion, 597 U.S. at 498–501; Chavez-Meza v. United States, 585 U.S. 109, 117–20 (2018); Pepper, 562 U.S. at 480–81; Washington, 161 F.4th at 820–24; United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); United States v. Troy, 64 F.4th 177, 185 (4th Cir. 2023); United States v. Reed, 58 F.4th 816, 821–24 (4th Cir. 2023); United States v. Roane, 51 F.4th 541, 551–52 (4th Cir. 2022); Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

IV.

In sum, the court DENIES Faulkner's motions for compassionate release [D.E. 101, 108].

SO ORDERED.    This _2_ day of July, 2026.

JAMES C. DEVER III
United States District Judge